CAUSE NO. 202155271

EML
COPY OF PLEADING PROVIDED BY PLT

RECEIPT No. 928647   TR# 73912049

| Plaintiff: | In The 055th |
|---|---|
| DAVIS, JIM ROBERT | Judicial District Court of |
| vs. | Harris County, Texas |
| Defendant: | 201 CAROLINE |
| SHAW, RICHARD WAYNE | Houston, Texas |

CITATION (NON-RESIDENT CORPORATE)

THE STATE OF TEXAS
County of Harris

To:   CERTIFIED EXPRESS INC (MISSOURI CORPORATION) BY SERVING ITS REGISTERED AGENT SCOTT
WADE
11817 KENTUCKY ROAD PO BOX 249, NEOSHO MO 64850
OR WHEREVER HE MAY BE FOUND

       Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on August 31, 2021 in the above cited cause number and court.  The
instrument attached describes the claim against you.

       YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your Attorney do not file
a written answer with the District Clerk who issued this citation by 10:00 a.m. on the
Monday next following the expiration date of 20 days after you were served this citation and
petition, a default judgment may be taken against you.  In addition to filing a written
answer with the clerk, you may be required to make initial disclosures to the other parties
of this suit.  These disclosures generally must be made no later than 30 days after you file
your answer with the clerk.  Find out more at TexasLawHelp.org.

TO OFFICER SERVING:

       This citation was issued on September 7, 2021, under my hand and seal of said court.

Issued at the request of:

PIERCE, MICHAEL ELTON
3701 KIRBY DRIVE SUITE 760
HOUSTON, TX  77098-0000
832-690-7000
Bar Number: 24039117



Marilyn Burgess

Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE, Houston, TX 77002
(PO  Box  4651,  Houston,  TX
77210)

Generated By: COURTNI GILBERT

8/31/2021 12:47 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 56822728
By: Courtni Gilbert
Filed: 8/31/2021 12:47 PM

CAUSE NO. _____

| | | |
|---|---|---|
| JIM ROBERT DAVIS AND<br>ROMA DAVID WHITTEN | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | §<br>§<br>§ | |
| v. | §<br>§ | HARRIS COUNTY, TEXAS |
| RICHARD WAYNE SHAW AND<br>CERTIFIED EXPRESS, INC. | §<br>§<br>§ | |
| *Defendants.* | §<br>§ | \_\_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

Plaintiffs Jim Robert Davis and Roma David Whitten complain of Richard Wayne Shaw and Certified Express, Inc. (collectively, "Defendants") and would respectfully show that:

### I.
### DISCOVERY CONTROL PLAN

1.    Discovery in the matter may be conducted under Level 3 of the Texas Rules of Civil Procedure.

### II.
### JURISDICTION AND VENUE

2.    The claims asserted arise under the common law of Texas.

3.    This Court has jurisdiction and venue is proper because the acts and/or omissions giving rise to this action occurred in Harris County, Texas.

4.    Plaintiffs seek recovery of damages within the jurisdictional limits of this Court.

### III.
### STATEMENT REGARDING MONETARY RELIEF SOUGHT

5.    Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiffs seek monetary relief in excess of more than $1 million. Discovery in this matter has just commenced and, therefore,

Plaintiffs cannot reliably state a maximum amount of damages they are seeking at this time and reserve their right to supplement in accordance with the Texas Rules of Civil Procedure.

## IV.
## PARTIES

6.     Plaintiffs are residents of Texas.

7.     Defendant Richard Wayne Shaw ("Shaw") is a resident of Missouri and may be served at his residence, 13751 Goldfinch Rd, Neosho, Missouri 64850, or wherever he may be found.

8.     Defendant Certified Express, Inc. ("Certified") is a Missouri corporation doing substantial business in Texas. Defendant Certified Express, Inc. may be served by and through its registered agent for service of process, Scott Wade, 11817 Kentucky Road, PO Box 249, Neosho, MO 64850.

9.     To the extent that an above-named Defendant is conducting business pursuant to a trade name or assumed name, then suit is brought against it pursuant to the terms of Texas Rule of Civil Procedure 28, and Plaintiff demands that, upon answering this suit, each Defendant answer in its correct legal name and assumed name.

## V.
## FACTS

10.     On or about July 30, 2021, Plaintiffs were traveling east on the 7800 block of the N Sam Houston Pkwy W. Defendant Shaw, driving a truck owned by Defendant Certified, entered Plaintiffs' lane without warning and struck Plaintiffs' vehicle. As a result of the incident, Plaintiffs suffered severe and lasting physical injuries.

2

11.     Defendant Shaw was operating the vehicle within the course and scope of his employment with Defendant Certified. As a result, Defendant Certified should be held vicariously liable for any negligence on the part of Defendant Shaw under the doctrine of *respondeat superior*.

## VI.
## CAUSES OF ACTION

*A.*     ***Negligence, Negligence per se, and Gross Negligence against Defendant Shaw***

12.     Defendant Shaw is liable to Plaintiffs under the theories of negligence, negligence per se, and gross negligence. Plaintiffs sustained injuries because of Defendant Shaw's negligence, negligence per se, and gross negligence when Defendant Shaw:

      a.   Failed to drive in a reasonably safe manner;

      b.   Failed to maintain a safe distance;

      c.   Failed to keep a proper lookout;

      d.   Failed to leave sufficient space between vehicles;

      e.   Failed to control the speed of the vehicle;

      f.   Failed to maintain a reasonable awareness of his surroundings;

      g.   Failed to yield the right of way;

      h.   Failed to timely apply the brakes;

      i.   Operated his vehicle without adequate training and experience;

      j.   Failed to ensure that the vehicle was in safe operating condition;

      k.   Violated applicable local, state, and federal laws and/or regulations; and

      l.   Other acts so deemed negligent and grossly negligent.

13.     Defendant Shaw was negligent per se for violating applicable provisions of the Texas Transportation Code.

3

14.     As a direct and proximate result of Defendant Shaw's negligence, Plaintiffs suffered severe physical injuries. Plaintiffs are entitled to recover for their injuries.

**B.     *Negligent Supervision and Hiring against Defendant Certified***

15.     Defendant Certified was negligent and grossly negligent in hiring and retaining Defendant Shaw. As Defendant Certified's employer, Defendant Certified exercised control and supervision over the activities and omissions of Defendant Shaw and is accordingly liable for failing to adequately supervise Defendant Shaw. Such negligence was a direct and proximate cause of Plaintiffs' injuries.

**C.     *Negligent Entrustment against Defendant Certified***

16.     Defendant Certified committed negligence when it entrusted a motor vehicle to Defendant Shaw. As the owner/controller of the motor vehicle driven by Defendant Shaw, Defendant Certified entrusted its motor vehicle to another person. That person, Defendant Shaw, was an unlicensed, incompetent, and/or reckless driver. Defendant Certified knew or should have known that Defendant Shaw was unlicensed, incompetent, and/or reckless. Defendant Shaw was negligent on the occasion in question and said negligence was a proximate cause of Plaintiffs' injuries.

## VII.
## DAMAGES

17.     As a direct and proximate result of the negligence, negligence per se, gross negligence, negligent supervision and hiring, and negligent entrustment of Defendants, Plaintiffs sustained injuries, which resulted in, and proximately caused, physical pain, mental anguish, and other medical problems. Plaintiffs will show that they have also sustained pain and suffering, physical impairment, mental anguish, disfigurement, and loss of enjoyment of life, and that in all reasonably probability, such pain and suffering, physical impairment, mental anguish,

4

disfigurement, and loss of enjoyment of life will continue indefinitely as a proximate result of Defendants' negligence. Plaintiffs have suffered a loss of earnings in the past, as well as a loss of future earning capacity. Plaintiffs have incurred and, within reasonable medical probability, will incur in the future pharmaceutical and/or medical expenses in connection with their injuries. Plaintiffs also seek to recover the monetary value for the physical and property damage to their vehicle and for the loss of the use of the vehicle.

18.     Defendants' conduct, when viewed from the standpoint of the actors at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendants' conduct demonstrates not only an attitude of conscious indifference to the rights, safety, and welfare of others, but also shows Defendants' actual and subjective awareness of the dangers of their conduct. Defendants proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiffs. Defendants are therefore liable for exemplary damages.

## VIII.
## RULE 193.7 NOTICE

19.     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiffs hereby give actual notice to Defendants that any and all documents produced may be used against Defendants at any pre-trial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## IX.
## INITIAL DISCLOSURES

20.     Defendants are required to make initial disclosures no later than 30 days after filing an answer.

5

## X.
## JURY DEMAND

21.     Plaintiffs hereby demand a trial by jury.

## XI.
## PRAYER

22.     For the reasons discussed herein, Plaintiffs pray this court cite Defendants to appear and to answer herein and that Plaintiffs have judgment taken against Defendants, jointly and severally, and recover all damages allowed by law, pre-judgment and post judgment interest as allowed by law, punitive damages, costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiffs may show themselves justly entitled but not limited to:

- Past and future medical damages;

- Past and future loss of earning capacity;

- Past and future physical pain and suffering and mental anguish;

- Past and future impairment;

- Past and future disfigurement;

- Past and future loss of enjoyment of life;

- Punitive damages;

- Property damages;

- Costs of Court; and

- Such other and further relief as the Court may deem just and proper.

6

Respectfully submitted,

**PIERCE SKRABANEK, PLLC**

*/s/ Michael E. Pierce*

_____
Michael E. Pierce
State Bar No. 24039117
Kyle W. Chapel
State Bar No. 24116188
3701 Kirby Drive, Suite 760
Houston, Texas 77098
Telephone: (832) 690-7000
Facsimile: (832) 616-5576
E-mail: Michael@pstriallaw.com
        kyle@pstriallaw.com
E-service: service@pstriallaw.com

**ATTORNEYS FOR PLAINTIFFS**

7

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Maybelline Martinez on behalf of Michael Pierce
Bar No. 24039117
maybelline@pstriallaw.com
Envelope ID: 56822728
Status as of 8/31/2021 2:35 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Office E-Service | | service@pstriallaw.com | 8/31/2021 12:47:08 PM | SENT |